**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JACKSON HEWITT INC.,

   *Plaintiff*,

v.

USMAN A. ZAIDI I, an Illinois Sole Proprietorship f/k/a FAST & ACCURATE TAX SERVICE, INC., et al.,

   *Defendants*.

Civil Action No. 22-cv-2351

**OPINION & ORDER**

**John Michael Vazquez,  U.S.D.J.**

   This matter arose after Plaintiff Jackson Hewitt Inc. ("Jackson Hewitt") terminated a Franchise Agreement due to alleged material breaches.  Jackson Hewitt contends that Defendants failed to perform numerous post-termination requirements and obligations connected to Jackson Hewitt's audit of the franchised business.  Presently before the Court is Plaintiff's motion to dismiss the amended counterclaims and to strike amended affirmative defenses.  D.E. 37.  Defendants oppose Plaintiff's motion, D.E. 44, 45, and Plaintiff filed a brief in reply, D.E. 50.[1] The Court reviewed the parties' submissions[2] and decided the motion without oral argument

---

[1] The Court refers to Plaintiff's brief in support of its motion (D.E. 37-1) as "Plf. Br."; Defendants' brief in opposition (D.E. 45) as "Defs. Opp."; and Plaintiff's reply (D.E. 50) as "Plf. Reply".  In addition, the Court notes that the entry for D.E. 44 indicates that the document is an affidavit in opposition to Plaintiff's motion.  The actual document, however, is a duplicate of Defendants' opposition brief.

[2] Plaintiff argues that the Court should not consider Defendants' opposition brief because it is untimely.  Plf. Reply at 3.  Local Civil Rule 7.1(d)(2) provides that opposition briefs must be filed at least 14 days before the original motion day.  Outside of an automatic extension, which must

pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND[3] AND PROCEDURAL HISTORY

Jackson Hewitt and Defendant Usman A. Zaidi I ("Zaidi I") were parties to a "Franchise Agreement" that authorized Zaidi I to operate a Jackson Hewitt income tax preparation business in Illinois. Compl. ¶ 25. Defendants Usman and Syeda Zaidi (the "Individual Defendants") each executed a Guaranty, through which they agreed to perform Zaidi I's obligations under the Franchise Agreement. *Id.* ¶ 26.

In 2020, Jackson Hewitt exercised its contractual right to inspect and audit Zaidi I's books and records "after learning of potential wrongdoing on the part of Defendants." *Id.* ¶ 10. Jackson Hewitt indicates that it then conducted "a comprehensive investigation and audit." *Id.* Jackson Hewitt ultimately terminated the Franchise Agreement due to purported material breaches. *Id.* ¶¶ 10, 33. Jackson Hewitt then demanded that Defendants take certain post-termination action, including reimbursement for the costs associated with the audit and investigation. Jackson Hewitt contends that the post-termination obligations are set forth in the Franchise Agreement and Guaranties. *Id.* ¶¶ 30, 39-45, 51. Jackson Hewitt adds that Defendants have not complied with these contractual requirements. *Id.* ¶¶ 11-14, 48-50, 53.

In its Complaint, Jackson Hewitt asserts breach of contract claims, alleging that Zaidi I breached the Franchise Agreement, *id.* ¶ 58, and that the Individual Defendants breached their

---

comply with the requirements set forth in L. Civ. R. 7.1(d)(5), "[n]o other extensions of the time limits provided in L. Civ. R. 7.1(d)(2) or (3) shall be permitted without an Order of the Court." L. Civ. R. 7.1(d)(5). Defendants filed their opposition brief approximately five days late. Although the Court could reject Defendants' filing as untimely, *see* L. Civ. R. 7.1(d)(7), the Court will consider the brief to ensure it has a full record.

[3] The factual background is taken from Plaintiff's Complaint (D.E. 1).

Guaranties, *id.* ¶¶ 64-65.  On November 1, 2022, Defendants filed their Amended Answer and Counterclaim (the "Amended Answer").[4]  Defendants assert twenty-four affirmative defenses and a counterclaim seeking a formal accounting from Plaintiff.  D.E. 35.  Plaintiff subsequently filed the instant motion, seeking to dismiss the counterclaim and strike certain affirmative defenses.  D.E. 37.  On January 18, 2023, Defendants voluntarily dismissed their amended counterclaim pursuant to Federal Rule of Civil Procedure 41(c).  D.E. 55.  As a result, Plaintiff's motion, to the extent that Plaintiff seeks to dismiss the counterclaim, is denied as moot.[5]  The Court, therefore, turns to Plaintiff's motion to strike.

**II. ANALYSIS**

Rule 12(f) of the Federal Rules of Civil Procedure states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The decision to strike is discretionary.  *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011).  Moreover, "[a]s a general matter, motions to strike under Rule 12(f) are highly disfavored." *Thompson v. Real Estate Mortg. Network, Inc.*, No. 11-1494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018).

"An affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Id.* at *2 (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993))

---

[4] In their opposition brief, Defendants state that they are withdrawing the Amended Counterclaim and prepared a proposed amended answer and second amended counterclaim. Defs. Opp. at 10. Defendants further explain that they provided the proposed pleading as an exhibit to their opposition brief. *Id.* Defendants, however, did not file their proposed amended pleading on the docket. Regardless, Defendants' attempt to file a second amended counterclaim does not comport with Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a). Accordingly, the Amended Answer remains Defendants' operative pleading.

[5] The Court notes that in their opposition brief, Defendants also state that they are withdrawing their counterclaim for an accounting. Defs. Opp. at 10-11.

(internal quotations omitted). Thus, a motion to strike an affirmative defense "will only be granted 'when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.'" *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (citing *Glenside W. Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J.1991)); *see also Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 102 (D.N.J. 2018) ("An affirmative defense can be stricken if it cannot possibly prevent recovery under any pled or inferable set of facts."). Second, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* As a result, motions to strike "will generally be denied unless the allegations have no possible relation to the controversy and may cause [unfair] prejudice to one of the parties." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citing *Tonka*, 836 F. Supp. at 217) (internal quotations omitted).

Plaintiff makes three arguments in support of its motion to strike. First, Plaintiff argues that eleven of Defendants' affirmative defenses are improper because they are merely denials of allegations in Plaintiff's Complaint. Plf. Br. at 7-8. Next, Plaintiff maintains that three of Defendants' affirmative defenses are requests for affirmative relief, essentially in the form of a discovery sanction. *Id.* at 8-9. Finally, Plaintiff contends that four of the affirmative defenses challenge whether Plaintiff's termination of the Franchise Agreement was proper. Plaintiff continues that these affirmative defenses contest whether Plaintiff can prove its claims, which is not a true affirmative defense. *Id.* at 9. Although Plaintiff attempts to explain why many of Defendants' affirmative defenses are not true defenses, they still appear relevant to Plaintiff's claims. Moreover, Plaintiff does not argue that it will be prejudiced, let alone unfairly prejudiced, by the failure to strike any of the defenses. Finally, in their opposition brief, Defendants indicate

4

that they are withdrawing some of their affirmative defenses in their opposition brief. *See* Defs. Opp. at 24-26. Given this representation, coupled with Defendants' indication that they intend to file an amended answer and counterclaims, and the voluntary dismissal of their accounting claim, the Court will not further delve into the merits of Plaintiff's arguments at this time. If, after Defendants file an amended pleading, Plaintiff still believes it necessary, Plaintiff can refile its motion to strike.

### III. CONCLUSION

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 31st day of January, 2023,

**ORDERED** that Defendants' motion to dismiss and strike, D.E. 37, is **DENIED without prejudice**.

_____
John Michael Vazquez, U.S.D.J.